UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN FURUKAWA, INC.,

       Plaintiff,

                                                     Case No. 14-cv-13633
                                                     Honorable Gershwin A. Drain

v.

ISTHIHAR HOSSAIN,

       Defendant.
_____/

**<u>STIPULATED ORDER REGARDING THE TEMPORARY RESTRAINING ORDER, THE PRELIMINARY INJUNCTION HEARING, FORENSIC IMAGING, THE WITHDRAWAL OF DEFENDANT'S EMERGENCY MOTION TO MODIFY THE TRO [#13] WITHOUT PREJUDICE, AND THE WITHDRAWAL OF PLAINTIFF'S SHOW CAUSE MOTION [#16] WITHOUT PREJUDICE</u>**

      This matter came before the Court for a Show Cause Hearing on October 2, 2014 pursuant to an Order of this Court entered on September 22, 2014. Dkt. No. 7.  Prior to oral argument at the Show Cause hearing, the parties reached an agreement, which was placed on the record.  Upon agreement of counsel for the parties, **IT IS ORDERED** as follows:

      1.    The Temporary Restraining Order shall remain in place until further Order of this Court, except as otherwise set forth herein;

      2.    By Friday, October 3, 2014 at 12:00 noon, Defendant must produce to Plaintiff's forensic expert, J. Stott Matthews ("Plaintiff's Forensic Expert"), all computers, computer devices and electronic storage devices belonging to or used by Defendant at any time from August 1, 2013 through October 3, 2014 ("Defendant's Electronic Devices").  Plaintiff's Forensic Expert must create a forensic image of each of Defendant's Electronic Devices, but must not

conduct any forensic analysis or otherwise review any information contained on any of Defendant's Electronic Devices until further Order of this Court. In addition, Plaintiff's Forensic Expert shall retain custody of Defendant's Electronic Devices until further Order of this Court;

    3. By Friday, October 3, 2014 at 12:00 noon, Defendant must provide Plaintiff's Forensic Expert with access to all email accounts, including any gmail accounts, belonging to or used by Defendant at any time from August 1, 2013 through October 3, 2014, which were identified by Defendant to include (i) hossainiemon@gmail.com; (ii) seer1401@gmail.com; (iii) emon.hossain.afi@gmail.com; and (iv) emonhossain@huatongcables.com ("Defendant's Email Accounts"). Plaintiff's Forensic Expert must immediately preserve all information contained in Defendant's Email Accounts. In addition, Plaintiff's Forensic Expert shall:

    a. return to Defendant the password to the "Huatong" email account (emonhossain@huatongcables.com) following preservation of the email account;

    b. return to Defendant the password to the "seer" gmail account (seer1401@gmail.com) following preservation of the gmail account and after deleting from the "live" email account all emails (including sent emails) dated May 2, 2014 or earlier;

    c. return to Defendant the password to the "personal" gmail account (hossainiemon@gmail.com) after preservation of the gmail account and deletion of all emails contained in the "live" account; *and*

    d. produce to Plaintiff all emails contained in the "Furukawa" gmail account (emon.hossain.afi@gmail.com) following preservation of the emails. Defendant has represented that this email account was created and used exclusively for his

    employment with Plaintiff. Therefore, Plaintiff's Forensic Expert shall not return to Defendant the password for the Furukawa gmail account.

4. Defendant shall not be required to produce to Plaintiff's Forensic Expert any computers, computer devices, electronic storage devices and/or email accounts which Defendant first owned and/or used after October 3, 2014, unless otherwise agreed by the parties in writing or Ordered by this Court.

5. The parties' counsel must submit to this Court, within fourteen (14) days of the entry of this Order, a stipulated protocol for the forensic examination and production of information derived from Defendant's Electronic Devices and Defendant's Email Accounts. To the extent the parties are unable to reach agreement on a protocol; either party may file a motion for entry of an appropriate protocol.

6. To the extent Defendant requests access to any file(s) and/or email(s) being held by Plaintiff's Forensic Expert, his counsel may submit a request to Plaintiff's counsel for the file(s) and/or email(s). Plaintiff's Forensic Expert shall provide to Defendant's counsel a spreadsheet providing all Forensic Information (as defined herein), and one (1) business day later, provide the same Forensic Information to Plaintiff's counsel. If Plaintiff objects to production of any of the file(s) and/or email(s) requested by Defendant, Plaintiff's counsel shall serve Defendant's counsel any objections, in writing, within one (1) business day following receipt of the Forensic Information. If Plaintiff does not object to the production of a file and/or email within one (1) business day, Plaintiff's Forensic Expert shall produce the file and/or email to Defendant's counsel. If Plaintiff timely objects to the production of a file and/or email, the file and/or email shall not be produced without a written agreement between the parties or an Order of this Court.

7. As used in this Order, "Forensic Information" shall mean the following:

    a. With respect to emails, the following fields: "To", "From", "CC", "BC, date, subject and attachment name(s). In addition, "Forensic Information" shall include any search term hits (to the extent the parties have agreed to, or the Court has Ordered the use of, certain search terms); *or*

    b. With respect to files, the file name, the last accessed date, file created date, last written date, entry modified date, file path name, file type, file size and any search term hits (to the extent the parties have agreed to, or the Court has Ordered the use of, certain search terms).

8. No party shall conduct any discovery until further Order of this Court.

9. Defendant withdraws without prejudice his "Emergency Motion to Modify TRO" [#13].

10. Plaintiff withdraws without prejudice its Motion to Show Cause Why Defendant Should Not Be Held In Contempt [#16].

11. Defendant shall file his Answer to the Complaint on or before November 14, 2014.

SO ORDERED.

Dated: October 16, 2014

                                                    /s/Gershwin A Drain
                                                    Hon. Gershwin A. Drain
                                                    United States District Court Judge