UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<span>MERICAN</span> F<span>URUKAWA</span>, I<span>NC</span>.,

    Plaintiff,

    v.

I<span>STHIHAR</span> H<span>OSSAIN</span>,

    Defendant.
_____/

Case No. 14-cv-13633

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span> J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

U<span>NITED</span> S<span>TATES</span> M<span>AGISTRATE</span> J<span>UDGE</span>
M<span>ICHAEL</span> J. H<span>LUCHANIUK</span>

**O<span>RDER</span> G<span>RANTING</span> P<span>LAINTIFF'S</span> M<span>OTION FOR</span> L<span>EAVE TO</span>
A<span>MEND</span> C<span>OMPLAINT AND ADD</span> P<span>ARTY</span> [44]**

American Furukawa, Inc. ("Furukawa" or "Plaintiff") commenced the instant action against its former employee, Isthihar Hossain ("Defendant"), on September 19, 2014. *See* Dkt. No. 1. In the Complaint, Furukawa alleges that Hossain unlawfully accessed its computers to obtain confidential information in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Additionally, Furukawa brings claims under Michigan law for Fraud, Breach of Contract, Breach of Fiduciary Duty, Misappropriation of Trade Secrets, and Conversion. *Id.*

Presently before the Court is Furukawa's Motion for Leave to Amend Complaint and add Party [14] filed on July 14, 2015. According to Furukawa, the purpose of this motion is to request leave to add HT Wire & Cable Americas, LLC ("HT Wire") as a party-defendant and assert claims against it because Furukawa asserts that HT Wire is a co-conspirator with Hossain. *See* Dkt. No. 44 at 7-8. Furukawa also seeks to correct certain errors in the original Complaint and add a claim for tortious interference. *See id.* at 8.

Hossain has failed to file a Response. Local Rule 7.1(c)(1) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then

-1-

-2-

available." E.D. Mich. L.R. 7.1(c)(1).  Responses to non-dispositive motions "must be filed within 14 days after service of the motion." E.D. Mich. L.R. 7.1(e)(2)(B).  Accordingly, the Response to Furukawa's present motion was due no later than August 3, 2015. *Id.*; *see also* FED. R. CIV. P. 6(a), (d).  Since no Response has been filed, the present motion is unopposed.

Upon review of the present unopposed motion, the Court concludes that oral argument is unnecessary.  Accordingly, the Court will resolve the present motion on the submitted brief. *See* E.D. Mich. L.R. 7.1(f)(2). Rule 15 of the Federal Rules of Civil Procedure provides that a "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Sixth Circuit has found that "[t]he decision as to when 'justice requires' an amendment is within the discretion of the trial judge." *Head v. Jellico Hous. Auth.,* 870 F.2d 1117, 1123 (6th Cir. 1989) (citation and alteration omitted). If the Court prevents Furukawa from adding HT Wire as a party to this action, then Furukawa would be forced to file a separate action against HT Wire in this Court. This would be unnecessary, because the Court would then have to accept that case as a companion case pursuant to the Court's Local Rules. *See* L.R. 83.11(b). Accordingly, the Court **HEREBY GRANTS** Furukawa's Motion for Leave to Amend Complaint and add Party [14].

IT IS SO ORDERED.

Dated: August 18, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge