UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN FURUKAWA, INC.,

Plaintiff,

v.

ISTHIHAR HOSSAIN, and
HT WIRE & CABLE AMERICAS, LLC,

Defendants.
                                                                    /

Case No. 14-cv-13633

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AS TO ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [53], AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AS TO ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [70] AS MOOT**

**I. INTRODUCTION**

American Furukawa, Inc. ("Furukawa" or "Plaintiff") commenced the instant action against its former employee, Isthihar Hossain ("Defendant"), on September 19, 2014. *See* Dkt. No. 1. Presently before the Court is Defendant's "Motion for Reconsideration as to Order Granting Plaintiff's Motion to Amend Complaint" [53]. The Court gave Plaintiff an opportunity to file a Response to Defendant's Motion for Reconsideration. *See* Dkt. No. 54. Plaintiff filed a Response on September 8, 2015. *See* Dkt. No. 61. Defendant filed a Reply on September 15, 2015. *See* Dkt. No. 64. Thereafter, on September 18, 2015, Plaintiff filed a "Motion for Leave to File Sur-Reply Brief in Opposition to Defendant's Motion for Reconsideration as to Order Granting Plaintiff's Motion to Amend Complaint" [70].

The Court has had an opportunity to thoroughly examine this matter. For the reasons discussed in detail below, the Court will **DENY** Defendant's "Motion for Reconsideration as to

Order Granting Plaintiff's Motion to Amend Complaint" [53], and **DENY** Plaintiff's "Motion for Leave to File Sur-Reply Brief in Opposition to Defendant's Motion for Reconsideration as to Order Granting Plaintiff's Motion to Amend Complaint" [70] as **MOOT**.

## II. BACKGROUND

On July 14, 2015, Plaintiff filed a "Motion for Leave to Amend Complaint and add Party" [14]. The purpose of the motion was to add HT Wire & Cable Americas, LLC ("HT Wire") as a party-defendant and assert claims against it because Plaintiff asserted that HT Wire is a co-conspirator with Defendant Hossain. See Dkt. No. 44 at 7-8. Defendant Hossain failed to file a Response to Plaintiff's Motion for Leave to Amend pursuant to Local Rule 7.1(c)(1). The Court granted Plaintiff's unopposed Motion pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See* Dkt. No. 50 at 2 (citing FED. R. CIV. P. 15(a)(2), which notes that a "court should freely give leave when justice so requires."). In so doing, the Court noted that "[t]he Sixth Circuit has found that '[t]he decision as to when 'justice requires' an amendment is within the discretion of the trial judge.'" *Id.* (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). Moreover, the Court noted that any subsequent case filed by Plaintiff with the new defendant would be a companion case. *Id.*

## III. LEGAL STANDARD

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

### IV. DISCUSSION

The Court will deny Defendant's Motion because Defendant points out no defect in this Court's decision to grant the Plaintiff's Motion for Leave to Amend the Complaint. Indeed, after failing to file a Response to Plaintiff's Motion, Defendant presents none of the typical arguments to explain why this Court erred in granting the Motion for Leave to Amend. For example, Defendant has not indicated that there has been any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Arguably, Defendant has attempted to argue that it would be futile to amend the complaint. Defendant started its Motion for Reconsideration by indicating that this "court MAY have been misled and correcting that defect will result in a different disposition of the Court's order." Dkt. No. 53 at 2. Specifically, Defendant believed there was a written Joint Venture Agreement between Plaintiff and HT Wire & Cable Americas that contained a forum selection clause which would require this case to be brought in China. *See id.*

However, Plaintiff responded noting that the Joint Venture Agreement "is no longer in effect, and did not name Plaintiff or HT Wire as parties." Dkt. No. 61 at 9. Plaintiff attached the Joint Venture Agreement and indicated that "the Agreement was between Huatong and two of Plaintiff's sister corporations, Furukawa Electric Industrial Cable Co. Ltd. and Shenyang

Furukawa Cable Co. Ltd." *Id.* Specifically, Plaintiff noted that "[t]he Joint Venture Agreement does not relate to Plaintiff or Plaintiff's business, and has nothing to do with this lawsuit." *Id.*

After receiving the Joint Venture Agreement, Defendant failed to properly put forth an argument explaining why amending the Complaint would have been futile. "A *proposed amendment* is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (emphasis added). But rather than attempting to explain that *the proposed amendment* was futile, Defendant seeks the outright dismissal of this *entire* matter after putting forth what is essentially a Motion to Dismiss in his Reply for the Motion for Reconsideration. *See* Dkt. No. 64 at 8 (seeking "an Order of Dismissal in this matter and order the matter to arbitration in China[.]").

The scope of Defendant's Motion for Reconsideration is too broad. Moreover, the Court is not persuaded that Defendant has demonstrated a palpable defect by which the court and the parties have been misled. Defendant does not dispute that Plaintiff was "never a party to the Joint Venture Agreement." Dkt. No. 64 at 6. Instead, Defendant simply argues that the "inquiry does not stop merely because Plaintiff may not [be] a signatory to the agreement" *Id.* The inquiry does end there, however, as that was the scope of Defendant's Motion. *See* Dkt. No. 53 at 2.

Defendant brought this Motion because it believed the Court was misled because there was supposedly a written Joint Venture Agreement between Plaintiff and HT Wire & Cable Americas that contained a forum selection clause which would require this case to be brought in china. *See id*. However, the Joint Venture Agreement is not between Plaintiff and HT Wire & Cable Americas. Defendant is instead asking this Court to "take a global view of the law," read such a provision into a joint venture agreement, and dismiss this case. *See* Dkt. No. 64 at 3-4.

Such a request is beyond the scope of Plaintiff's Motion for Leave to Amend and Defendant's Motion for Reconsideration.

Thus, Defendant's Motion for Reconsideration fails in two ways: first, as an effort to cure its previous failure to file a Response to Plaintiff's Motion for Leave to Amend; and second, as an improper and thinly veiled motion to dismiss via the Reply brief. Critically, nothing is preventing the Defendant from *properly* challenging the amended complaint and raising the arguments about the alleged forum selection clause. However, Defendant has failed to point out how this Court erred by granting the Motion for Leave to Amend. This is particularly so given this Court's discretion to grant leave to amend, and the fact that, "in the absence of any apparent or declared reason" by Defendant, leave should be "freely given". *Foman v. Davis*, 371 U.S. at 182, 83 S. Ct. 227, 9 L. Ed. 2d 222; *id.* ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); FED. R. CIV. P. 15(a)(2).

## IV. CONCLUSION

Accordingly, for the reasons discussed herein, the Court **HEREBY DENIES** Defendant's "Motion for Reconsideration as to Order Granting Plaintiff's Motion to Amend Complaint" [53]. The Court also **HEREBY DENIES** Furukawa's "Motion for Leave to File Sur-Reply Brief in Opposition to Defendant's Motion for Reconsideration as to Order Granting Plaintiff's Motion to Amend Complaint" [70] as **MOOT**.

IT IS SO ORDERED.

Dated: September 24, 2015

/s/ Gershwin A Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge