UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN FURUKAWA, INC.,

    Plaintiff,

v.

ISTHIHAR HOSSAIN and HT WIRE & CABLE
AMERICAS, LLC,

    Defendants.
_____/

Case No. 14-cv-13633

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DEFER TO ARBITRATION [79]**

**I. INTRODUCTION**

American Furukawa, Inc., ("Plaintiff") commenced this action on September 19, 2014 against Isthihar Hossain. *See* Dkt. No. 1. On September 16, 2015, Plaintiff filed an Amended Complaint adding HT Wire & Cable Americas, LLC as a new party. *See* Dkt. No. 65. Before the Court now is the Defendants' Motion to Dismiss and Defer to Arbitration. *See* Dkt. No. 79. This matter is fully briefed. For the reasons discussed below, the Motion will be **DENIED**.

The matter is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2).

**II. BACKGROUND**

Plaintiff filed the instant action on September 19, 2014, against the Defendant. *See* Dkt. No. 1. As described below, the two parties have been and remain engaged in intense litigation since that time. Over a year later, on October 5, 2015, the Defendants moved to dismiss the case

and requested it be deferred to arbitration. *See* Dkt. No. 79. The Defendants attached an exhibit that purports to be a copy of a Joint Venture Agreement made between Heibei Huatong Wires & Cables Group Co. Ltd ("Huatong"), Furukawa Electric Industrial Cable Co. Ltd. ("FEIC"), and Shenyang Furukawa Cable Co. Ltd. ("SFC"). *See* Dkt. No. 79-1, at 4 (Pg. ID No. 1359). The alleged agreement states:

> 57. <u>Settlement of the Conflict:</u>
>
> > 1. Any disputes caused by this contract or relating to this contract shall be resolved by the friendly discussion.
> >
> > 2. If the dispute can't be resolved by the discussion above, and the any effective resolution is not found, the arbitration location and facility are applied as follows:
> >
> > > (1) When the arbitration is raised against Party A, the arbitration shall be performed at CIETAC (China International Economic and Trade Arbitration Commission) in Beijing China in accordance with the rules in the commission.
> > >
> > > . . .

*Id.* at 6 (Pg. ID No. 1361).

### III. LEGAL STANDARD

"[T]he FAA provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("[T]he Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."). However, "[b]efore compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is

arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

### IV. DISCUSSION

The parties dispute whether or not the claims should go to arbitration. The Court is not convinced that the documents provided by the Defendants warrant a deferral to arbitration. However, even assuming, without holding, that the Court found the evidence sufficient, the Motion would still fail because the Defendants have waived the right to enforce any arbitration agreement.

"An agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." *Germany v. River Terminal Ry. Co.*, 477 F.2d 546, 547 (6th Cir. 1973) (per curiam). Typically, there is a strong presumption against the waiver of an arbitration right. *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) (finding a waiver of the right to arbitration is "not to be lightly inferred). Accordingly, "a party waives an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) "delaying its assertion to such an extent that the opposing party incurs actual prejudice." *Hurley v. Deutsche Bank Trust Co., Americas*, 610 F.3d 334, 338 (6th Cir. 2010); *see also JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393 (6th Cir. 2008) ("Though we have declined to sharply define what conduct suffices, it typically involves a defendant's failure to timely invoke arbitration after being sued or its interference with a plaintiff's pre-litigation efforts to arbitrate.").

In three recent cases, the Sixth Circuit has held that each defendant waived its right to arbitrate by failing to assert that right in a timely fashion and instead participating in litigation-

related activities. In *General Star National Insurance Co. v. Administratia Asigurarilor de Stat,* the Sixth Circuit held that the defendant waived its right to arbitrate after waiting 17 months before attempting to enforce the arbitration clause. 289 F.3d 434, 438 (6th Cir. 2002).

In *O.J. Distributing, Inc. v. Hornell Brewing Co.,* the Sixth Circuit held that the defendant waived its right to arbitrate by engaging in negotiations with the plaintiff for approximately 15 months-while at the same time denying the existence of the agreement which contained the arbitration provision-before asserting its right to arbitrate. 340 F.3d 345, 357 (6th Cir. 2003).

In *Manasher v. NECC Telecom*, the Sixth Circuit found waiver where a defendant failed to "plead arbitration as an affirmative defense and . . . actively participat[ed] in litigation for almost a year without asserting that it had a right to arbitration." 310 F. App'x 804, 806 (6th Cir. 2009).

Here, the complaint was filed in September 19, 2014. *See* Dkt. No. 1. The Defendants filed a Motion for Temporary Restraining Order on October 1, 2014. On February 23, 2015, the Defendants filed a Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. Pro. 12(c). *See* Dkt. No. 30. Discovery ended on September 30, 2015. *See* Dkt. No. 40. "The parties have filed 31 sets of pleadings, and this Court has issued multiple orders. The parties have participated in two settlement conferences, one with the Magistrate Judge, and the second with a private facilitator." Dkt. 89 at 8–9 (Pg. ID No. 1699–1700). Defendants raised arbitration as an issue for the first time on September 15, 2015 in a Reply Brief litigating a Motion to Reconsider the Court's decision to Grant the Plaintiff permission to Amend the Complaint. *See* Dkt. No. 64 at 3 (Pg. ID No. 1121). This Motion was not filed until October 5, 2015. *See* Dkt. No. 79.

As in *Manasher*, the Defendants in this case did not raise an arbitration agreement as an affirmative defense, and have been actively engaged in litigation for over a year. Not only have the Defendants behaved in a way that is completely inconsistent with any reliance on an arbitration agreement, but their 12-month delay has caused prejudice to the Plaintiff. *See* Dkt. No. 89 at 9 (Pg. ID No. 1700) ("Per Hossain's request, Plaintiff has produced more than 2500 pages of documents."); *see also Hurley*, 610 F.3d at 340 (Finding the process of discovery, motion practice and incurring litigation costs to be "actual prejudice."). Accordingly, the right to arbitrate is waived and the Motion fails.

### V. CONCLUSION

For the reasons discussed herein, the Motion is **DENIED**.

IT IS SO ORDERED.

Dated: November 19, 2015                     s/Gershwin A. Drain
Detroit, MI                                  HON. GERSHWIN A. DRAIN
                                             United States District Court Judge


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record l on November 19, 2015. Service was done electronically and by U S Postal Mail as required.

                                             s/Teresa A. McGovern
                                             Case Manager Generalist