UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN FURUKAWA, INC., a Delaware Corporation,

Plaintiff,

v.

ISTHIHAR HOSSAIN, a Michigan Resident, and HT WIRE & CABLE AMERICAS, LLC, a Limited Liability Company,

Defendants.

_____/

Case No. 14-cv-13633

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' WITNESS LIST [112]**

## I. INTRODUCTION

Before the Court is Plaintiff's Motion to Strike Defendants' Witness List, filed on March 21, 2016. *See* Dkt. No. 112. Plaintiff has requested oral argument on this matter. However, after reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, the Motion will be **DENIED**.

-1-

## II. BACKGROUND

Plaintiff filed this lawsuit against Isthihar Hossain ("Hossain"). The Court's Scheduling Order on December 3, 2014, set a deadline of April 21, 2015 for parties to file witness lists. Dkt. No. 23. Defendant Hossain filed his initial disclosures on January 16, 2015, but did not provide a witness list. In the initial disclosures, Defendant identified five potential witnesses. Other witnesses were identified generically, such as "past and present managers, owners, employees or agents . . .". Dkt. No. 112 (Exhibit 1).

On July 7, 2015, the Court amended the Scheduling Order, setting September 30, 2015 as the new discovery cutoff date, but did not extend the date for filing witness lists. Dkt. No. 40. On September 16, 2015, the Plaintiff filed its Amended Complaint, adding HT Wire as a Defendant. Dkt. No. 65. On December 22, 2015, the Court issued a Second Amended Scheduling Order, extending the discovery cutoff to March 15, 2016, but did not extend the deadline for filing witness lists. Dkt. No. 107. The Defendants filed their Witness List on February 23, 2016, a few weeks before the close of discovery. Dkt. No. 109.

Defendants have identified a total of 27 witness categories, and 35 witnesses by name. *Id.* Only five of those names were disclosed in the initial disclosures.

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 16(f)(1) allows for the Court to sanction a party for failing to obey a scheduling order. The Court is given broad discretion but must design the sanction to fit the violation. *Santos v. Farmers Ins. Exchange*, 2008 WL 723504 (E.D. Mich. Mar. 17, 2008). The striking of a party's witness list is a severe sanction and may be tantamount to granting a default judgment. *Id.*

Plaintiff argues that the Defendants have violated the Court's scheduling order by filing their witness list nine months after the Court's deadline. Furthermore, Plaintiff argues that many of the witnesses identified in Defendants' list were not previously disclosed, and they now do not have enough time to schedule depositions and to prepare for trial.

This case bears a striking similarity to *Cotton v. R. Sassak*, 2008 WL 1882708 (E.D. Mich. April 24, 2008). In *Cotton*, this Court issued an original scheduling order setting a discovery cutoff date and a due date for the filing of witness lists. *Id.* at *1. The Court then extended the discovery cutoff date, but did not extend the due date for the filing of witness lists. *Id.* The Defendants' witness list was filed several months after the due date, but 19 days before the close of discovery. The Plaintiffs argued that 28 of the 32 listed witnesses were not previously disclosed, and that they "did not have time to submit interrogatories or to schedule depositions prior to the close of discovery." *Id.* However, the Court

ultimately denied the Plaintiffs' unopposed motion to strike the witness list. The Court held that "Plaintiffs [had] failed to show that the imposition of such a severe sanction was warranted." *Id.* at *2. The Court further held that, "[t]heir failures to take any action to discover the substance of these witnesses' testimony before the discovery period closed and to ask now for any such relief suggest that Plaintiffs [were] not significantly prejudiced." *Id.*

The same reasoning applies in this case. As articulated in *Cotton*, the Plaintiff's stated reasons do not warrant striking the Defendants' witness list. Moreover, according to Defendants, Plaintiff was made aware of many of the listed witnesses through the course of ordinary discovery in November of 2015. *See* Dkt. No. 113 at 11 (Pg. ID No. 2145). What Plaintiff "is complaining about, then, is not unfair surprise, but the fact that Plaintiffs did not provide a complete witness list before the Court's initial" deadline, despite the fact that the deadline was set well before Plaintiff added Defendant HT Wire to the case. *Santos*, 2008 WL 723504 at *2. "The objectives and procedures of Rule 16 may facilitate discovery, but are not a substitute for it." *Id.*

Instead of pursuing discovery on the remaining, previously undisclosed witnesses, or request an extension of discovery, or seek leave to conduct depositions outside of the discovery deadline, Plaintiff chose to file the present motion. These circumstances, in conjunction with the fact that Plaintiff did not

-5-

raise this issue either at the time of the deadline or in the intervening nine months, suggest that Plaintiff has not been prejudiced by the delayed filing of the witness list. *Id.* Accordingly, Plaintiff's Motion to Strike will be denied. However, if Plaintiff finds it necessary to conduct additional discovery or depositions, it should file a motion with the Court for immediate consideration, and the Court will take appropriate action.

## IV. CONCLUSION

For the reasons discussed above, the Plaintiff's Motion to Strike [112] is **DENIED.**

      IT IS SO ORDERED.

Dated: May 11, 2016                 /s/Gershwin A Drain
Detroit, MI                             HON. GERSHWIN A. DRAIN
                                            United States District Court Judge