UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN FURUKAWA, INC.,

    Plaintiff,

    v.

ISTHIHAR HOSSAIN, a Michigan Resident, and HT WIRE & CABLE AMERICAS, LLC, a Limited Liability Company

    Defendants.
_____/

Case No. 2:14-cv-13633

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY WITH RESPECT TO DEFENDANTS' WITNESS LIST [128] AND ORDERING DEFENDANTS TO PRODUCE AN UPDATED WITNESS LIST**

### I. INTRODUCTION

Before the Court is Plaintiff's Motion for Leave to Conduct Additional Discovery with Respect to Defendants' Witness List, filed May 16, 2016. Dkt. No. 128. The matter has been fully briefed. Upon review of the Motion, the Court finds that good cause has been shown to partially grant the requested relief. Accordingly, for the reasons discussed below, the Motion will be **GRANTED IN PART** and **DENIED IN PART**.

## II. BACKGROUND

Plaintiff commenced this action on September 19, 2014. In the Court's initial Scheduling Order, a deadline of April 21, 2015 was set for the parties to file witness lists. Dkt. No. 23. On July 7, 2015, the Court amended the Scheduling Order, setting September 30, 2015 as the new discovery cutoff date, but did not extend the date for filing witness lists. Dkt. No. 40. On September 16, 2015, the Plaintiff filed its Amended Complaint, adding HT Wire as a Defendant. Dkt. No. 65. On December 22, 2015, the Court issued a Second Amended Scheduling Order, extending the discovery cutoff to March 15, 2016, but again did not extend the deadline for filing witness lists. Dkt. No. 107. Defendants filed their Witness List on February 23, 2016. Dkt. No. 109. The Defendants' Witness List encompassed numerous categories, including "[a]ll past or present" employees of HT Wire & Cable Americas, LLC, Electric Wire & Cable Co., Ltd., Furukawa Electric Co, Ltd., and several other companies. *See* Dkt. No. 133 (Exhibit B).

In response to Defendants' late filing, Plaintiff filed a Motion to Strike the Witness List on March 21, 2016. Dkt. No. 112. In an Order dated May 11, 2016, the Court denied Plaintiff's Motion, but said that, "if Plaintiff finds it necessary to conduct additional discovery or depositions, it should file a motion with the Court for immediate consideration, and the Court will take appropriate action." Dkt. No. 126.

Plaintiff then filed a Motion for Leave to Conduct Additional Discovery with Respect to Defendants' Witness List on May 15, 2016. Dkt. No. 128. Plaintiff seeks leave to:

A. Issue a set of interrogatories requesting information as to each of Defendants' witnesses, including name and contact information, whether Defendants have actually spoken to such person, whether defendants actually intend to call such person as a witness and the facts to which such witness will testify, if any; and

B. Leave to depose any such witnesses who will be called to testify

Dkt. No. 128, at 2 (Pg. ID No. 3337). A final pre-trial conference in this case is set for August 10, 2016. A jury trial is then scheduled to begin on August 18, 2016.

### III. LAW & ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Courts have broad discretion in managing discovery, and a decision on a request for an extension of discovery is reviewed only for abuse of discretion. *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011). In determining whether good cause has been established, "[t]he overarching inquiry . . . is whether the moving party was diligent in pursuing discovery." *Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472, 478 (6th Cir. 2010). The Sixth Circuit has instructed district courts to consider

the following factors: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Id.* "[W]hether the opposing party will suffer prejudice by virtue of" amending the trial schedule is also a "relevant consideration" in ruling on a Rule 16(b)(4) good cause exception. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Plaintiff was made aware of Defendants' Witness List about three weeks before the close of discovery. *See* Dkt. No. 107, 109. Even if pursued vigorously, three weeks is not a sufficient amount of time to issue interrogatories and conduct depositions on a case of this nature. On the other hand, Defendants are correct to point out that Plaintiff had some opportunities to depose a number of witnesses on Defendants' List during the sixteen months of discovery. Defendants argue both that Rule 26 disclosures provided an indication of potential witnesses and that some of the individuals on Defendants' List also appear on Plaintiff's Witness List. Dkt. No. 133 at 3–4 (Pg. ID No. 3458–59). Balancing the fact that Plaintiff learned of the issue late with the reality that some of the potential witnesses are not a surprise to Plaintiff, the Court finds that factors one and three of the *Dowling* test support additional, but limited, discovery.

-4-

Additionally, because Plaintiff only had three weeks to respond to Defendants' Witness List, needing extra time to conduct depositions cannot be considered dilatory. As to the fifth *Dowling* factor, Plaintiff has not demonstrated that Defendant was significantly unresponsive throughout discovery. Overall, the *Dowling* factors support a grant of leave to Plaintiff.

Even though the *Dowling* factors support a grant of leave for additional discovery, Plaintiff's request for leave does not specify what the scope of additional discovery will be once its Motion is granted. It seeks to issue interrogatories as to all individuals on Defendants' Witness List, then "[l]eave to depose any such witnesses who will be called to testify." Dkt. No. 128, at 2 (Pg. ID No. 3337). Though Plaintiff "suspects" that it will only conduct discovery of a short list of witnesses, it has not made any concrete predictions as to the extent of additional discovery. Dkt. No. 135, at 2 (Pg. ID No. 3485).

Rather than grant indefinite leave, the Court will temporarily reopen discovery until September 15, 2016. Furthermore, discovery will be limited to witnesses who were *not* listed on Plaintiff's witness list, and not specifically identified by name on Defendants' Witness List before March 15, 2016.

Additionally, in the interest of expediting the process, the Court will order Defendants to produce a list of witnesses, identified by name, reasonably expected

to be called at trial. The Court finds this way of proceeding preferable to having Plaintiff first issue a set of interrogatories.

### IV. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion [128] is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that Defendants will submit to Plaintiff a list of witnesses expected to be called at trial by Monday, August 1, 2016.

**IT IS FURTHER ORDERED** that Plaintiff has until September 15, 2016 to depose the listed witnesses as necessary.

The Court shall issue an amended Scheduling Order reflecting these changes.

Dated: July 28, 2016　　　　　　　　　　　s/Gershwin A. Drain
　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of

Electronic Filing on **<u>July 28, 2016.</u>**

<u>s/Shawna Burns on behalf of Tanya R. Bankston</u><br>
TANYA R. BANKSTON<br>
Case Manager & Deputy Clerk