UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A‍MERICAN F‍URUKAWA, I‍NC.

    Plaintiff,

    v.

I‍STHIHAR H‍OSSAIN and
HT W‍IRE & C‍ABLE A‍MERICAS, LLC,

    Defendants.
_____/

Case No. 14-cv-13633

U‍NITED S‍TATES D‍ISTRICT C‍OURT J‍UDGE
G‍ERSHWIN A. D‍RAIN

**O‍RDER D‍ENYING P‍LAINTIFF'S M‍OTION FOR P‍ARTIAL R‍ECONSIDERATION AND/OR C‍LARIFICATION [141]**

### I. INTRODUCTION

On June 23, 2016, this Court entered an Order on the parties' cross-motions for summary judgment [138], granting in part the Defendants Hossain and HT Wire Cable Americas, LLC's ("Defendants") Motion for Summary Judgment [117] and denying Plaintiff American Furukawa, Inc.'s ("Plaintiff") Motion for Summary Judgment [119]. On July 7, 2016, Plaintiff filed this Motion for Reconsideration. For reasons given below, the Court **DENIES** the Plaintiff's Motion.

## II. FACTUAL BACKGROUND

On September 19, 2014, Plaintiff filed its Complaint [1] against former employee, Defendant Hossain. In the Complaint, Plaintiff alleged eight Counts: (1) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) fraud; (3) breach of contract; (4) breach of fiduciary duty; (5) misappropriation of trade secrets under MICH. COMP. LAWS §445.1902; (6) conversion; (7) tortious interference; and (8) civil conspiracy.

On April 19, 2016, the Defendant and Plaintiff filed cross Motions for Summary Judgment. The Court partially granted the Defendants' Motion, dismissing the Plaintiff's conversion claim, and denied Plaintiff's Motion. *American Furukawa, Inc. v. Isthihar Hossain, HT Wire & Cable Americas, LLC*, No. 14-cv-13633, 2016 WL 3444079 (E.D. Mich. June 23, 2016). The Plaintiff now moves the Court to reconsider denial of summary judgment on Plaintiff's CFAA claim, denial of its contract claim, and dismissal of its conversion claim.

## III. LEGAL STANDARD

The Court cannot grant a motion for reconsideration which merely presents the same issues the Court already ruled on. LR 7.1(h)(3)(E.D. Mich. July 1, 2013). Additionally, a movant must demonstrate a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable

defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)). A motion for reconsideration that merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication" shall be denied. *Hence v. Smith,* 49 F.Supp.2d 547, 551 (E.D.Mich.1999)).

## IV. DISCUSSION

### A. CFAA Claim

The Plaintiff first contends that the Court erred in denying summary judgment on the Plaintiff's CFAA claim. *See* Dkt. No. 141 at 1–2 (Pg. ID No. 3570–71). Plaintiff contends that the Court erred when it declined to consider evidence attached to the Plaintiff's Response [125] to the Defendants' Motion for Summary Judgment. *See* Dkt. No. 138 at 17–18 (Pg. ID No. 3518–19). This argument is without merit.

Concerning summary judgment, a movant bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of a non-movant. *Hardenburg v. Dunham's Athleisure Corp.*, 963 F. Supp. 2d 693, 699 (E.D. Mich. 2013) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c)(1)(A) (providing "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record[.]"). Further, a court

"need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

The Plaintiff fails to cite any authority requiring the Court to consider evidence extrinsic to a motion for summary judgment. Indeed, the Court was obligated only to consider any cited evidence filed with the Plaintiff's own motion when determining whether Plaintiff had met its initial burden. *Hardenburg*, 963 F. Supp. 2d at 699; FED. R. CIV. P. 56(c)(3). Plaintiff's Motion for Summary Judgment merely cites interrogatories. The Court determined such interrogatories did not constitute "documents detailing expenses." *American Furukawa*, 2016 WL 3444079 at *8.

The Court did not, and was not required to, consider any evidence attached to Plaintiff's other filings. Absent a compelling reason to liberally construe Rule 56(c)(3), the Court finds no palpable defect in its denial of summary judgment on the Plaintiff's CFAA claim.

### B. Contract Claim

Plaintiff next contends the Court improperly denied Plaintiff's claim as to liability for breach of contract where Plaintiff failed to prove damages. The Plaintiff contends it moved for summary judgment for its breach of contract action on liability alone and not on damages. *See* Dkt. No. 141 at 2 (Pg. ID No. 3571). This argument has no merit.

Plaintiff fails to cite any authority for bifurcating judgment on the elements of a breach of contract claim. For its sole precedent, Plaintiff cites *Consolidated Coal Co. v. United Mine Workers of Am., Local Union No. 6869*, 362 F. Supp. 1073, 1075 (S.D. W.Va. 1973). This decision is not binding on this Court.

The Plaintiff's argument also opposes the vast body of common law providing breach of contract claims are inextricably linked to damages. *See e.g. Fed. Deposit Ins. Corp. v. Fedorov*, No. 10-11061, 2010 WL 2944569, at *4 (E.D. Mich. July 22, 2010) (holding that under Michigan law, breach of contract claims must necessarily prove injury stemming from breach.). Thus, the Court finds no palpable defect in its denial of summary judgment where Plaintiff failed to prove damage stemming from Defendant Hossain's breach. *See* Dkt. No. 138 at 25 (Pg. ID No. 3526). Accordingly, this argument fails.

**C. Conversion Claim**

Finally, the Plaintiff contends that the Court improperly dismissed the Plaintiff's conversion claim in its Complaint. Specifically, the Plaintiff argues the Court improperly applied the Michigan Uniform Trade Secrets Act ("MUTSA") in determining that the Plaintiff's conversion claim was preempted. *See Id.* at 13, 16–17 (Pg. ID No. 3515, 3517–18). This argument fails.

Rather than demonstrate a palpable defect by the Court, the Plaintiff's Motion merely rejects the Court's legal analysis. Specifically, the Plaintiff disputes this

-5-

Court's adoption of the "arguably cognizable" standard for preemption of tort claims under MUTSA and proposes that claims based solely on the misappropriation of information, later shown to not be trade secrets, should not be displaced.

The Plaintiff relies on inapposite authority in support of its argument. Plaintiff cites *Combined Metals of Chicago Ltd. Partnership v. Airtek, Inc.*, 985 F. Supp. 827, 830 (N.D. Ill. 1997) in support of a broader displacement standard. Plaintiff also cites *McKesson Medical Surgical, Inc. v. Micro Bio-Medics, Inc.*, which held "MUTSA only preempts other civil remedies that involve trade secrets." *McKesson*, 266 F. Supp.2d 590, 600 (E.D. Mich. 2003).

*Combined Metals* is unavailing to the Plaintiff. There, the court adopted a broader standard due largely to the plaintiff's failure to appropriately contest displacement of the defendant's counterclaims. *Combined Metals*, 985 F. Supp. at 830 n 3. (finding "…the court does not believe a fiduciary relationship existed. But, *because the issue was ignored by Combined Metals*, the court will not inquire further.") (emphasis added). Here, neither Party has committed a similar forfeiture.

Nor does *McKesson* persuade. It is not clear under the holding in *McKesson* whether claims "arguably cognizable" under MUTSA are distinguishable from claims "involve[d] in trade secrets." *McKesson*, 266 F. Supp. 2d at 600. Further, the *McKesson* standard is not dispositive on the issue. The *McKesson* court in dismissed

its plaintiff's tort claim not on a theory of preemption, but for failure to provide evidence in the record. *Id.*

The Court provided ample, unequivocal support for the "arguably cognizable" standard. *American Furukawa*, 2016 WL 3444079 at *5 (citing *Dura Global Technologies, Inc. v. Magna Donnelly Corp.*, No. 07-10945, 2009 WL 3032594, *3 (E.D. Mich. Sept. 18, 2009); *Bliss Clearing Niagra, Inc. v. Midwest Brake Bond Co.*, 270 F. Supp.2d 943 (W.D. Mich. 2003); *Easton Sports, Inc. v. Warrior Lacrosse, Inc.*, No. 05-cv-72031, 2005 WL 2234559, *1–3 (E.D. Mich. Sept. 14, 2005)). The Plaintiff fails to show how the Court's adoption of the "arguably cognizable" standard is an "obvious, clear, unmistakable, manifest, or plain" defect. *Hawkins*, 704 F. Supp. 2d at 709.

Furthermore, the Plaintiff has not argued that the application of the Court's standard was in any way erroneous. Therefore, the Plaintiff has failed to demonstrate a palpable defect in the Court's reasoning on this claim as well.

## V. CONCLUSION

For the reasons discussed above, the Plaintiff's Motion for Reconsideration [141] is **DENIED.**

IT IS **SO ORDERED**.

Dated: October 25, 2016　　　　　　　/s/Gershwin A Drain
Detroit, MI　　　　　　　　　　　　　HON. GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　United States District Court Judge

-8-

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 25, 2016, by electronic and/or ordinary mail.

                                                /s/Tanya Bankston
                                                Case Manager, (313) 234-5213